United States District Court
District of Massachusetts

Criminal No.    04-10225

United States of America

v.

Susan Brown

_____

## Defendant's Memorandum In Aid Of Sentencing

_____

Now comes the defendant Susan Brown and respectfully moves that this court depart downward from the Sentencing Guidelines pursuant to U.S.S.G. 5K2.0. The Guidelines and Sentencing Reform Act allow the sentencing court to impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists [a] .... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different form that described." U.S.S.G. § 5K2.0 Policy Statement, quoting 18 U.S.C. § 3552(b).

In this case, the defendant contends there are circumstances warranting a downward departure. First, she submits that the period of incarceration called for

under the Guidelines will impose extreme hardship on her family, particularly her disabled son. Second, she submits that she has offered substantial assistance to the Government.

A.  **The Defendant Should Receive A Downward Departure From The Sentencing Guidelines Because Her Incarceration Will Result In Extreme Hardship For Her Family, Particularly For Her Disabled Son**

A district court may depart under the Sentencing Guidelines on the basis of extraordinary family circumstances. U.S.S.G. § 1B1.1 et seq. & § 5K1.6; 18 U.S.C.A. *See United States v. Roselli*, 366 F.3d 58, 69 (1st Cir. 2004). The defendant requests that this court allow a downward departure based on her unique family circumstances. *United States v. Rivera*, 994 F.2d 942, 952 (1st Cir. 1993) (court may depart downward based on totality of family circumstances as seen from district court's unique vantage point); *United States v. Sclamo*, 997 F.2d 970, 973-974 (1st Cir. 1993) (same).

As the PSI notes, the defendant's nine year-old son Derek, who lives with her and her husband and other family members, was initially hospitalized on July 25, 1996, at Boston City Hospital, where he was diagnosed with pneumococcal meningitis and which subsequently left him with profound sensorineural hearing loss in both ears. Also, while hospitalized, Derek suffered a

stroke, which resulted in left side weakness, and was found to have a seizure disorder. Derek is enrolled at the Learning Center for the Deaf in Randolph, MA and a speech therapist works with him at home on a weekly basis.

Derek uses sign language and is in the process of learning to read lips. However, his strokes have made it difficult to sign with his left hand. The defendant and her son Shawn are the only ones in the home that have learned to communicate with Derek through sign language. The seizures that Derek suffered affected the part of his brain which controls memory, which makes it difficult for him to memorize numbers, patterns and the alphabet. Derek has seen a specialist to learn to work around this disability.

The probation officer has adequately and completely set forth the above information as it relates to her disabled son in paragraphs 55, 56, 57, 58, and 59 and defendant incorporates same in this memorandum.

Incarceration would impose a hardship on the entire family, but it would be Derek who would suffer the most in view of his disabilities. *United States v. Roselli*, 366 F.3d at 70. *Contrast United States v. Louis*, 300 F.3d 78, 84 (1st Cir. 2002) (nothing extraordinary about the type and degree of hardship that the defendant claims will be visited upon his family).

In addition, the defendant is the primary source of support for her family since her husband has been disabled for the last 10 years. Defendant's husband has arthritis in both hands, diabetes for which he takes daily insulin injections, high cholesterol and hypertension. Due to his arthritis, defendant must administer his daily insulin injections. Furthermore, defendant accompanies him to all of his medical appointments as he has difficulty understanding doctors' instructions. A psychodiagnostic evaluation of Mr. Brown in June 2004, consisting of a brief psychodiagnostic interview and mental status examination revealed that Mr. Brown has impaired memory; a full scale IQ score of 54; his ability to ponder, reason, and deliberate is grossly impaired; his judgment and comprehension are quite poor; he relies entirely on others to interpret and make sense of his external environment. His performance on the Bender Gestalt test revealed unequivocal evidence of organicity and corroborated his cognitive impairment.

Other courts have recognized the importance of a downward departure where a defendant has been an important and caring supporter of his family, where he is not dangerous, and where he has admitted his guilt. *United States v. Galante,* 111 F.3d 1029, 1035-1037 (2d Cir. 1997) (upholding departure where defendant provided substantial support for two children and was a conscientious and caring father whose children would

have suffered extreme financial hardship, and defendant pled guilty to his offense); *See also United States v. Owens*, 145 F.3d 923, 925-926 & 929 (7th Cir. 1998) (downward departure affirmed because defendant "differs from that of a typical crack dealer in that [the defendant] takes an active role in raising his children and supporting his family"); *United States v. One Star*, 9 F.3d 60 (8th Cir. 1993) (departure downward where defendant not dangerous, possessed gun in self-defense, had strong family ties, and lived on Indian reservation).

Other courts have also recognized the importance of a downward departure for the sake of an innocent family member's well-being. See *United States v. Aguirre*, 214 F.3d 1122, 1127 (9th Cir. 2000) (within district court's discretion to depart downward 4 levels for extraordinary family circumstances "based on the fact that there is an 8 year-old son who's lost a father and would be losing a mother for a substantial period of time"); *United States v. Alba,* 933 F.2d 1117, 1122 (2d Cir. 1991) (upholding departure where defendant supported family and his disabled father relied on defendant to get out of his wheelchair). Downward departures have been found warranted based on the emotional or mental repercussions faced by innocent family members. *United States v. Haversat*, 22 F.3d 790, 797 (8th Cir. 1994) (downward departure okay where husband's care critical to well-being of mentally ill wife);

5

*United States v. Sclamo*, 997 F.2d at 973-974 (downward departure affirmed where defendant had developed special relationship with woman's son that helped ameliorate son's serious psychological and behavioral problem, and son would regress if defendant incarcerated). *See also United States v. Blake*, 89 F.Supp.2d 328, 339 (E.D.N.Y. 2000) (departure in part because of emotional trauma 3-year old daughter would suffer); *United States v. Wehrbein*, 61 F.Supp.2d 958, 975-976 (D. Neb. 1999) (departure warranted because 11-year-old son of defendant would be harmed if defendant imprisoned because emotional and mental disorder improved markedly when defendant returned from serving state sentence on similar charges); *United States v. Lopez*, 28 F.Supp.2d 953, 954-955 (E.D.Pa. 1998) (extraordinary family circumstances warranting downward departure for defendant who pleaded guilty to conspiracy to distribute heroin and criminal forfeiture charge where defendant's seven-year-old daughter had suffered mental illness and attempted suicide since defendant's arrest).

"Because of extreme hardship to the family, [this] court could justify a downward departure from the guideline range . . . without sacrificing society's interest in the punishment of the offender." *United States v. Vidrickson*, 998 F.2d 601 604 (8th Cir. 1993) (Bright,

Senior Circuit Judge, concurring). *See United States v. Gaskill*, 991 F.2d 82, 84-86 (3rd Cir. 1993).

## B.    Conclusion

Defendant further points out to the Court that the probation officer, although not making a recommendation, again adequately sets forth the defendant's position in paragraphs 90, 91, 92, 93 and 94 and based on the above, defendant respectfully requests this Court depart to a level where she would could continue to work and support her family and continue to care for her disabled son and husband.

Respectfully submitted,
Susan Brown
*By her attorney,*

Martin K. Leppo, Esq.
B.B.O. # 294480
Leppo and Leppo
7 Christy's Drive, Suite 1
Brockton, MA 02301
(508) 580-3733

Dated: 1/17/05

## CERTIFICATE OF SERVICE

I, Martin K. Leppo, certify that on this 18th day of January, 2005, a true copy of the foregoing Defendant's Memorandum in Aid of Sentencing has been served, by first class mail, postage prepaid, upon the following:

Paul G. Levenson
Assistant United States Attorney
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210


Denise A. Rivera
U.S. Probation Officer Assistant
U.S. Probation Office
1 Courthouse Way, Suite 1200
Boston, MA 02210


_____
Martin K. Leppo